UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANTHONY WILLIAMS

      Petitioner,

v.                                          Case No. 8:09-cv-1715-T-23MAP

SECRETARY, Department of Corrections,

      Respondent.

_____/

**O R D E R**

      Anthony Williams petitions for the writ of habeas corpus under 28 U.S.C.

§ 2254 (Doc. 1) and challenges the validity of his state convictions for possession of a

firearm by a convicted felon, possession of a short-barreled shotgun, possession of

cocaine (two counts), and sale of cocaine (two counts).  Williams challenges the

validity of his guilty plea[1] and alleges several grounds of both ineffective assistance of

trial counsel and trial court error.  Numerous exhibits ("Respondent's Exhibit __")

support the response.  (Doc. 16)

_____

[1]  Williams pleaded guilty to charges in two separate cases (case nos. CRC02-12607 and
CRC02-13741).  The state judge sentenced Williams as a habitual felony offender in case no.
02-12607 to concurrent terms of fifteen years imprisonment for the possession of a firearm by a
convicted felon and possession of a short-barreled shotgun and in case no. 02-13741 to concurrent
terms of fifteen years imprisonment for each of the sales of cocaine and to concurrent terms of five
years imprisonment for each possession of cocaine.

I.      **GROUNDS WAIVED BY ENTRY OF GUILTY PLEA**

        **Grounds Three, Five, Six, Seven, Eight, and Ten**

        In ground three Williams argues that the state judge told him that he would

receive a one hundred fifty-year sentence if he did not accept the judge's offer of

fifteen years imprisonment.  Williams contends both that this statement undermined

his belief that he would receive a fair trial and that trial counsel rendered ineffective

assistance by not objecting to the state judge's improper initiation of plea

negotiations.  In ground five Williams contends that his trial counsel rendered

ineffective assistance by not preserving for appellate review a claim challenging an

allegedly illegal search and seizure.  In grounds six and eight Williams contends that

his trial counsel rendered ineffective assistance by not moving to suppress evidence

obtained during the allegedly illegal search of his home.  In ground seven Williams

contends that his trial counsel rendered ineffective assistance by not moving to

dismiss the charges.  Williams argues that, absent each of these alleged errors, he

would not have "had to plead guilty" and "may have been confident to go forward to

trial without the fear of receiving an exorbitant sentence."  In ground ten Williams

contends that his trial counsel rendered ineffective assistance by advising him to

accept the plea offer without investigating the underlying facts of the firearms

offenses.

        "A reviewing federal court may set aside a state court guilty plea only for

failure to satisfy due process:  'If a defendant understands the charges against him,

understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)).  Although a defendant's statements during a plea colloquy are not insurmountable, "the representations of the defendant [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Williams presents no challenge to the plea colloquy.  His sworn statements at the colloquy (Respondent's Exhibit 1, pp. 15-21) demonstrate that he understood both the charges against him and the consequences of pleading guilty and that he chose to plead guilty without coercion.  *Stano v. Dugger*, 921 F.2d at 1141.  Williams points to no record evidence establishing that he involuntarily entered his guilty plea.

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea.  *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992).  Williams's grounds allege constitutional violations occurring before he entered his guilty plea.  The voluntary plea waived Williams's antecedent non-jurisdictional grounds because the grounds do not implicate the validity of the plea.  *United States v.*

*Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000).  *See also*

*Wilson*, 962 F.2d at 997 (recognizing that a pre-plea claim of ineffective assistance of

counsel is waived).  Consequently, grounds three, five, six, seven, eight, and ten

warrant no federal habeas relief.

## II.      PROCEDURALLY BARRED GROUNDS

### Grounds One, Four, and Nine

In ground one Williams contends that the state judge violated Williams's right

to due process by initiating, *sua sponte*, plea negotiations.  In ground four Williams

contends that the state judge unlawfully induced Williams to plead guilty by

implying that Williams would receive a harsher sentence if he proceeded to trial

rather than accept a plea.  In ground nine Williams contends that his convictions

improperly result from evidence obtained in an illegal search and seizure.

The state post-conviction court rejected each of these grounds in Stevens's

Rule 3.850 motion as procedurally barred because Stevens could and should have

raised the grounds on direct appeal.  (Respondent's Exhibit 10, pp. 2-3)  The failure

of a federal habeas petitioner to adhere to state procedural rules governing the proper

presentation of a claim generally bars federal review of that claim in a subsequent

federal habeas corpus proceeding.  *See Coleman v. Thompson*, 501 U.S. 722 (1991);

*Wainwright v. Sykes,* 433 U.S. 72, 97 (1977); *Sims v. Singletary,* 155 F.3d 1297, 1311

(11th Cir. 1998).  "However, a state court's rejection of a federal constitutional claim

on procedural grounds will only preclude federal review if the state procedural ruling rests upon [an] 'independent and adequate' state ground." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001).  A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying upon a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law, and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion," or in a "manifestly unfair manner." *Judd*, 250 F.3d at 1313 (citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)).  *See also Ford v. Georgia*, 498 U.S. 411, 424-25 (1991).

The state post-conviction court's express reliance upon an independent and adequate state procedural bar to reject Williams's substantive grounds precludes federal review.  *Harris v. Reed*, 489 U.S. 255, 262 (1989).  Consequently, grounds one, four, and nine were procedurally barred and not cognizable on collateral attack. *Torres-Arboleda v. Dugger*, 636 So. 2d 1321,1323 (Fla. 1994).  The state appellate court affirmed the application of the procedural bar.  (Respondent's Exhibit 21)  *See Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (finding that the state appellate court's *per curiam* affirmance of the lower court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent

and adequate state law ground barring federal review).  Grounds one, four, and nine
are procedurally defaulted.

Pursuant to the procedural default doctrine, "[i]f the petitioner has failed to
exhaust state remedies that are no longer available, that failure is a procedural default
which will bar federal habeas relief, unless either the cause and prejudice or the
fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d
1135, 1138 (11th Cir. 2001).  To establish cause for a procedural default, a petitioner
"must demonstrate that some objective factor external to the defense impeded the
effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703
(11th Cir. 1999).  *See also Murray v. Carrier*, 477 U.S. 478 (1986).  To show prejudice,
a petitioner must demonstrate not only that the errors at his trial created the
possibility of prejudice but that they worked to his actual and substantial
disadvantage and infected the entire trial with error of constitutional dimensions.
*United States v. Frady*, 456 U.S. 152 (1982).  In other words, he must show at least a
reasonable probability of a different outcome.  *Henderson*, 353 F.3d at 892; *Crawford
v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted
claim, without a showing of cause or prejudice, if review is necessary to correct a
fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000);
*Carrier*, 477 U.S. at 495-96.  A fundamental miscarriage of justice occurs in an

extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

Williams fails to demonstrate cause and prejudice excusing his default. *Carpenter*, 529 U.S. at 451; *Carrier*, 477 U.S. at 495-96. He neither alleges nor shows that the fundamental miscarriage of justice exception applies. *Henderson*, 353 F.3d at 892. Because Williams fails to proffer specific facts showing an exception to procedural default, grounds one, four, and nine are procedurally barred from federal review.

**Ground Eleven**

Williams alleges a violation of his right to due process because he received insufficient notice of the prosecutor's intention to seek an enhanced sentence under the state habitual offender statute.

Federal habeas relief for a person in custody under the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). *See also Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993). Williams's ground challenging the prosecutor's

alleged failure to follow a state sentencing procedure presents no basis for federal habeas corpus relief because the claim presents no federal constitutional question.  28 U.S.C. § 2254(a).  *See also Swarthout v. Cooke*, ___ U.S. ___, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted)*; Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  The limitation on federal habeas review to claims of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation.  *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983).  *See also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("In the area of state sentencing guidelines in particular, [the Eleventh Circuit has] consistently . . . held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").  Consequently, ground eleven warrants no relief.[2]

---

[2]  Alternatively, the ground warrants no relief because Williams failed to exhaust the ground by not presenting it to the state court on direct appeal or in his Rule 3.850 motion.

## III.   MERITS

Williams's remaining ground, a claim of ineffective assistance of counsel asserted in ground two, is exhausted and entitled to review on the merits.

### Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Williams's petition. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved

- 9 -

an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given

effect to the extent possible under law." *Cone*, 535 U.S. at 693.  A federal court must afford due deference to a state court's decision.  "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010).  *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed William's convictions and sentence.  (Respondent's Exhibit 5) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Williams's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 21)  The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).  *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the

merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398. Williams bears the burden of overcoming by clear and convincing evidence a state court's factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Williams's post-conviction claims warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 15)

## Standard for Ineffective Assistance of Counsel

Williams claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of

ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of

the particular case, viewed as of the time of counsel's conduct."  466 U.S. at 690.

*Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  466 U.S. at 690.

Williams must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  466 U.S. at 691-92.  To meet this burden, Williams must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  466 U.S. at 690-91.  Williams cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in
> the circumstances, as defense counsel acted at trial . . . .  We are not
> interested in grading lawyers' performances; we are interested in
> whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Williams must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

**Ground Two**

Williams contends that his trial counsel rendered ineffective assistance by misadvising Williams about both the amount of gain time he would earn while incarcerated and the percentage of his sentence that he would have to serve. Williams argues that counsel's error renders his plea involuntary. *See Wilson*, 962 F.2d at 997 ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction and only an attack on the voluntary and knowing nature of the plea can be sustained."); *Stano v. Dugger*, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (holding that a voluntary guilty plea does not bar the collateral review of an ineffective assistance of counsel claim that bears upon the voluntariness of the plea).

The state post-conviction court rejected this ground (Respondent's Exhibit 15, pp. 4-5) (court's record citations omitted) (emphasis in original) in Williams's Rule 3.850 motion after an evidentiary hearing:

> The Defendant also claims that his trial counsel was ineffective in misadvising the Defendant as to the amount of gain time he would receive while in prison. Specifically, he claims that his attorney told him that, with the accrual of gain time, his sentence would be reduced by about five and one-half years. He also alleges that his attorney told him that, due to prison overcrowding, the state legislature soon would be forced to create an early release program, for which the Defendant likely would qualify because he was a non-violent offender. At the evidentiary hearing, the Defendant explained that, during a recess in which the Defendant was considering the court's fifteen-year offer, [counsel] explained to him that he would get ten days per month in gain time, but did not tell him that there was cap on gain time accrual or that his status as a habitual felony offender might affect the amount of gain time he could earn. The Defendant testified that, based on these statements, he entered his plea with the

understanding that he would serve less than two-thirds of his sentence.  On cross-examination, the Defendant acknowledged going over and signing a change of plea form prior to sentencing, but stated he did not recall reading any information related to gain time in the form.

In contrast, [counsel] testified that he advised the Defendant that, by statute, he was required to serve 85% of his sentence and that, as a habitual felony offender, he may have to serve more than 85%.  The Defendant also asked him about rumors he had heard in the jail regarding new laws that would address prison overcrowding, and [counsel] told him he had no knowledge of this.  [Counsel] further testified that he read the change of plea form to the Defendant and the Defendant did not indicate that he had any difficulty understanding the form.

Clearly, there is a direct contradiction between the testimonies of [counsel] and the Defendant as to the gain time issue.  When the court is called upon to make a factual determination and is presented with conflicting testimony, it is within its province to weigh the credibility of the witnesses to resolve the factual dispute.  *Alston v.  State*, 894 So. 2d 46, 54 (Fla. 2004).  After reviewing the testimony and weighing the credibility of these two witnesses, this court finds that [counsel] properly advised the Defendant regarding his potential for accruing gain time and did not misadvise him that he would be eligible for an early release program on up-and-coming legislation.

Additionally, this court finds that the Defendant was properly advised as to his accrual of gain time by way of the change of plea form in this case, which the Defendant acknowledges reviewing and signing prior to entering his plea.  Specifically, the first page, paragraph six, states in pertinent part, "I further understand that I will **NOT** be eligible for certain gain time while I am in prison, and that, therefore, I will serve more time on my sentence than I would if I were not an habitual offender."  The bottom of this page is initialed by the Defendant, indicating that he reviewed this page of the form.  The language of this form, together with [counsel]'s testimony, persuades this court that this claim is without merit.

In denying relief on this ineffective assistance claim, the state post-conviction court found counsel more credible than Williams.  The state court's credibility determination is presumed correct.  *See Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th

Cir. 1998) ("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over" the petitioner's.), *cert. denied*, 526 U.S. 1047 (1999); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are . . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513 U.S. 1161 (1995). Relying only upon his unsupported contention, Williams fails to overcome the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Williams fails to meet his burden of proving that the state court unreasonably applied *Strickland* or unreasonably determined the facts in rejecting this ground. See 28 U.S.C. § 2254(d).

Accordingly, Williams's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Williams and close this action.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Williams is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Williams must show that reasonable jurists would find debatable both (1) the merits

of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Williams cannot meet *Slack's* prejudice requirement.  529 U.S. at 484.  Finally, Williams is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Williams must pay the full $455 appellate filing fee without installments unless the circuit court allows Williams to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on January 28, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE